Vivian Tran, Esq.
Admitted in CA, SBA# 324128
Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel: (212) 226-5081
Fax: (212) 208-2591
Email: Vivian.T@gitmeidlaw.com

*Attorney for Plaintiff Melinda Womack*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'19 CV 0682 DMS JLB

Melinda Womack,

      Plaintiff,

vs.

Equifax Information Services, LLC,

      Defendant(s).

**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1682 *et seq*]**

**DEMAND FOR JURY TRIAL**

COMES NOW the plaintiff by and through her attorney of record, and hereby files this complaint and alleges as follows:

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.  The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### II. JURISDICTION

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to

enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because the defendant is a resident of the state of California.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to the plaintiff's claims occurred in California where the plaintiff resides.

### III. PARTIES

4.      Plaintiff Melinda Womack (hereinafter "Plaintiff") was, at all times relevant hereto, a resident of Orange, CA.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5.      Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company organized and existing under the laws of California that engages in the business of maintaining and reporting consumer credit information. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

### IV. FACTS

6.      Wells Fargo issued an account ending in 8482 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

7.      The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

8.      On or about November 3, 2016 Plaintiff and Wells Fargo entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as **Exhibit A.**

9.      Pursuant to the terms of the settlement, Plaintiff made six monthly

2

1    payments totaling $1,135.58 to settle and close her Wells Fargo account.

2        10.    Plaintiff, via her debt settlement representative, timely made the

3    requisite settlement payments.

4        11.    Over a year and a half after the final settlement payment was made,

5    Plaintiff's Wells Fargo account continued to be negatively reported.

6        12.    In particular, on a requested credit report dated October 2, 2018,

7    Plaintiff's Wells Fargo account was reported with a status of "CHARGE OFF," a

8    balance of $757.00 and a past due balance of $757.00. The relevant portion of

9    Plaintiff's credit report is attached hereto as **Exhibit B.**

10       13.    This trade line was inaccurately reported; as explained above, the

11   account was settled and paid in full, and as such, must be reported as 'settled' with a

12   balance of $0.00.

13       14.    On or about October 4, 2018, Plaintiff, via counsel, sent a dispute letter

14   to Equifax requesting the trade line to be corrected.

15       15.    Therefore, Plaintiff has disputed the accuracy of the derogatory

16   information reported by Wells Fargo to Equifax via certified mail in accordance with

17   15 U.S.C. § 1681i of the FCRA.

18       16.    In February 2019, Plaintiff requested an updated credit report from

19   Equifax. The trade line for the Wells Fargo account in question remained inaccurate,

20   as Equifax failed to correct the inaccuracy. The relevant portion of this credit report

21   is attached hereto as **Exhibit C.**

22       17.    Equifax did not notify Wells Fargo of the dispute by Plaintiff in

23   accordance with the FCRA, or alternatively, did notify Wells Fargo and Wells Fargo

24   failed to properly investigate and delete the trade line or properly update the trade

25   line on Plaintiff's credit report.  If Wells Fargo did perform a reasonable investigation

26   of Plaintiff's dispute, Plaintiff's Wells Fargo account would be updated to reflect a

27   'settled' status with a balance of $0.00.

28       18.    Equifax failed to complete an investigation of Plaintiff's written dispute

COMPLAINT FOR VIOLATIONS OF
FAIR CREDIT REPORTING ACT
[15 USC §1682 *et seq*]

and provide the results of an investigation to Plaintiff within the statutory required 30-day period.

19.   Equifax failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA.  These violations occurred before, during, and after the dispute process began.

20.   At all times pertinent hereto, Equifax was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Equifax herein.

21.   At all times pertinent hereto, the conduct of Equifax, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## STATEMENT OF CLAIM

(Fair Credit Reporting Act)

22.   Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23.   Plaintiff notified Equifax directly of a dispute on the Wells Fargo account's completeness and/or accuracy, as reported.

24.   Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

25.   Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

26.   As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for

4

everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

27.     As a result of the above violations of the FCRA, Equifax is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF PRAYS that judgment in the sum of $45,000.00 be entered against Equifax as follows:

1) That judgment be entered against Equifax for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Equifax for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 12, 2019

Law Offices of Robert S. Gitmeid & Associates, PLLC

*/s/ Vivian Tran*

VIVIAN TRAN, ESQ.
*Attorneys for Plaintiff Melinda Womack*

Email: Vivian.T@gitmeidlaw.com

5

COMPLAINT FOR VIOLATIONS OF
FAIR CREDIT REPORTING ACT
[15 USC §1682 *et seq*]

**EXHIBITS TABLE OF CONTENTS**

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | Settlement Agreement | 7 |
| B | October 2018 Credit Report | 10 |
| C | February 2019 Credit Reports | 12 |

COMPLAINT FOR VIOLATIONS OF
FAIR CREDIT REPORTING ACT
[15 USC §1682 *et seq*]